**KLESTADT & WINTERS, LLP**
570 Seventh Avenue, 17th Floor
New York, NY 10018
Telephone: (212) 972-3000
Facsimile: (212) 972-2245
Fred Stevens

*Counsel to the Petitioning Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re                                                                                         :
                                                                                                  :      Chapter 7
JACOBY & MEYERS – BANKRUPTCY, LLP,    :
                                                                                                  :      Case No. 14-10641
                                    Debtor.                                      :
---------------------------------------------------------------x
In re                                                                                         :
                                                                                                  :      Chapter 7
MACEY BANKRUPTCY LAW, P.C.,                          :
a/k/a MACEY & ALEMAN,                                        :      Case No. 14-10642
f/k/a LEGAL HELPERS, P.C.,                                  :
                                                                                                  :
                                    Debtor.                                      :
---------------------------------------------------------------x

**PETITIONING CREDITORS' STATEMENT IN SUPPORT**
**OF ENTRY OF ORDERS FOR RELIEF**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE**
**TO WHOM THESE CASES ARE ASSIGNED:**

Lisa J. Kristal, Renée F. Frank, Wm. Ward Saxton, the Law Offices of Andrew Magdy, LLC, the Law Offices of Steven Long, LLC, and LegalZoom.com Inc. (collectively, the "Petitioning Creditors"), by and through their counsel, Klestadt & Winters, LLP, as and for their statement (the "Statement") in support of the entry of orders for relief under chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") against Jacoby & Meyers – Bankruptcy, LLP ("J&M Bankruptcy") and Macey Bankruptcy Law, P.C., a/k/a Macey & Aleman, f/k/a Legal Helpers, P.C. ("Macey") (collectively, the "Alleged Debtors"), upon information and belief,

respectfully represent as follows:

**PRELIMINARY STATEMENT**

1.      On July 10, 2012, Jacoby & Meyers, L.L.C. ("J&M") and Macey announced "the most significant merger for consumer law in U.S. history," with the creation of J&M Bankruptcy.[1]  It was stated that J&M Bankruptcy would "have the combined resources of the two nationwide law firms."[2]  A year and a half later, on or around December 30, 2013, the Alleged Debtors ceased operations and executed trust agreements and assignments for the benefit of creditors purportedly transferring all their assets to Trusts (collectively, the "Trusts") and appointing Robert P. Handler as assignee and trustee of the trusts (the "Assignee").  At the same time, J&M continues to operate with at least thirty offices across the nation, and the most profitable offices of the Alleged Debtors, including those in Chicago, Denver and Miami, appear to be continuing operations as the Law Offices of Jason Blust ("Blust").

2.      Up until the creation of the Trusts and assignment of assets to them (the "Assignment"), the Alleged Debtors practiced consumer bankruptcy law in over twenty states, including New York, and accepted retainers and legal fees from individuals (collectively, the "Clients") for the purpose of filing and prosecuting chapter 7 and 13 petitions on the Clients' behalf.  According to J&M Bankruptcy's website, the Clients' files were transferred to other attorneys' offices, and that those attorneys will honor all fees already paid by the Clients and the terms and conditions as outlined in the retention agreements between the Clients and Alleged Debtors.  However, it has come to the attention of some of the Petitioning Creditors that, in a number of instances, the Clients' files were not transferred to the new attorneys and some of the

---

[1] See Press Release, J&M Bankruptcy, *America's Most Familiar Law Firm Brand Merges With America's Largest Bankruptcy Firm* (July 10, 2012) (Available at http://www.prweb.com/releases/2012/7/prweb9684852.htm).

[2] Id.

new attorneys have had significant difficulty obtaining any information regarding the Clients from the Alleged Debtors. The Petitioning Creditors are informed and believe that many Clients may be totally ignorant of what has happened,[3] and quite possibly have no understanding of their rights and remedies with regards to fees that they may have paid but were not earned by the Alleged Debtors. Moreover, based on information from some of the Petitioning Creditors, it appears that the computer server that contains the Clients' confidential information has not been safeguarded by the Assignee, and is actually in the possession of Blust. The Petitioning Creditors have significant concerns regarding the protection of the Clients, all of whom are believed to be consumers and laypeople in financial distress.

3. In addition to the issues regarding the treatment of the Clients, there are numerous issues surrounding the Assignments. Among many others, the Assignee, who was given his position by the Alleged Debtors, does not appear to have any interest in investigating the Alleged Debtors' financial affairs or the conduct of the Alleged Debtors' management. The Assignee has communicated that the Alleged Debtors' assets appear to be limited to contingency fees receivable, and furniture and equipment. The Assignee does not appear willing or able to provide the transparency and information that would be freely available to the Alleged Debtors' Clients and creditors in a bankruptcy proceeding.

4. For the foregoing reasons and those set forth at length below, the Petitioning Creditors respectfully request that orders for relief under chapter 7 of the Bankruptcy Code be entered against the Alleged Debtors.

---

[3] The announcement on www.jacobymeyersbankruptcy.com claims that all clients were informed of the transition by "email, regular mail as well as certified mail," but there is no verification that ever occurred and there are reports to the contrary.

## JURISDICTION AND VENUE

5.  J&M Bankruptcy is a limited liability partnership formed on or around July 16, 2012 under the laws of the District of Columbia.[4] J&M Bankruptcy's principal executive office is 420 Lexington Avenue, Suite 2132, New York, New York 10170 according to its filing with the New York State Department of State.

6.  Macey is a professional corporation formed under the laws of the State of Illinois. Macey's principal executive office is at 233 S. Wacker Drive, # 1550, Chicago, Illinois 60606 according to its filing with the New York State Department of State.

7.  The Alleged Debtors are affiliated entities and are registered to do business as foreign entities with the New York State Department of State. Further, both Alleged Debtors appear to have practiced law in the State of New York prior to the Assignment.

8.  This Court has jurisdiction over this case by virtue of 28 U.S.C. §§ 157(a) and (b), and 1334(b), and the "Amended Standing Order of Reference" of the United States District Court for the Southern District of New York (Preska, C.J.), dated January 31, 2012.

9.  Venue is proper in this district pursuant to 28 U.S.C. § 1408(a) and/or (b) for both Alleged Debtors.

10.  The statutory predicate for the relief requested is section 303 of the Bankruptcy Code.

## INTRODUCTION

11.  On December 30, 2013, the Alleged Debtors created the Trusts and effectuated the Assignments to the Trusts and Assignee.

---

[4] Petitioning Creditors are informed and believe that JM Bankruptcy is a partnership between Macey Bankruptcy Law Holdings, P.C., on the one hand, and Jacoby & Meyer, LLC on the other hand. Jacoby & Meyers, LLC is an Alabama limited liability company whose members, according to the Alabama Secretary of State website, are John J. Givens and J. K. Givens, each of which appears to be residents of the State of Alabama.

12. On March 13, 2014 (the "Petition Date"), the Petitioning Creditors filed involuntary petitions for relief under chapter 7 of the Bankruptcy Code against each of the Alleged Debtors.

13. To date, no trustee has been appointed in the Alleged Debtors' cases.

14. The Petitioning Creditors have jointly commenced these involuntary bankruptcy cases but have not formed any unofficial committee and have not agreed to work together or employ the undersigned law firm for any purposes other than filing and prosecuting the involuntary petitions to the entry of orders for relief.

## BACKGROUND

15. In July 2012, Macey, then the nation's largest consumer bankruptcy firm, and J&M, the nation's largest consumer law firm, announced their merger under the umbrella of J&M Bankruptcy. In connection with the merger, Thomas Macey, the senior partner of Macey, stated that, "[i]n addition to its offices nationwide, Macey Bankruptcy Law credits its successful growth to its dedication to customer service and commitment to fair and reasonable fees, which are a perfect match with Jacoby & Meyers' corporate philosophy of offering quality services at affordable rates, which it has done for 40 years."[5]

16. Almost contemporaneously with the merger of J&M and Macey, Macey affiliate Legal Helpers Debt Resolution LLC ("LHDR") entered into an agreement with the Illinois Attorney General pursuant to which it agreed to refund $2.1 million to Illinois consumers following accusations by the Attorney General that the lawyers at LHDR, including Thomas Macey and Jeffrey Aleman, "were a 'front' to collect hefty fees from struggling consumers."[6]

---

[5] See FN1, *supra*.

[6] Ameet Sachdev, *Chicago Law: Debt-settlement firm to wind down business*, Chicago Tribune, Jul. 27, 2012, available at http://articles.chicagotribune.com/2012-07-27/business/ct-biz-0727-chicago-law--20120727_1_debt-settlement-legal-helpers-debt-resolution-debt-settlement-firm. See also July 9, 2012 posting by Lisa Madigan,

5

Similar claims were made by numerous other individuals and state governments across the country, most of which have not yet been resolved.[7]

17.     On or around December 30, 2013, Thomas Macey executed the Assignment and Trusts documents on behalf of each of the Alleged Debtors.

18.     On January 27, 2014, the undersigned counsel sent a letter to the Assignee requesting certain information and documents and proposing case management and information sharing protocol so that all creditors could be kept informed and could have confidence in the integrity of the process, including the creation of a website for disseminating information about the administration of the Trusts. Counsel further sought assurances that the Assignee would investigate and pursue any claims against insiders. To date, the Assignee has not responded at all to that letter or the proposals made therein.

19.     At this time, very little is known about the Alleged Debtors' assets and liabilities. The Assignee has made the following simple statement in connection with a form letter providing notice to potential creditors of the Alleged Debtors:

> Based on the financial information provided to the Trustee/Assignee by the Company [the Alleged Debtors], without audit or verification, the Company's assets include the following:

---

Illinios Attorney General, at http://illinoisattorneygeneral.gov/pressroom/2012_07/20120709.html; and 5 on Your Side: Legal Helpers Debt Resolution May 8, 2012 report at http://www.ksdk.com/story/money/2013/10/19/3055283/.

[7] See e.g.: (i) Brent Hunsberger, *Oregon sues Legal Helpers Debt Resolution and Chicago law firm for financially abusing elderly*, The Oregonian, Nov. 28, 2012; (ii) State of Wisconsin v. Legal Helpers Debt Resolution, LLC, et al., Case No. 2013 CX 11 (Circ. Ct. Wis. June 12, 2013); (iii) Press Release by Patrick Morrisey, West Virginia Attorney General: *Attorney General Morrisey Files Suit Against Debt Settlement Business*, Jan. 2, 2014; (iv) Consent Order between Banking Commissioner of the State of Connecticut and Legal Helpers Debt Resolution, LLC, dated March 27, 2013, pursuant to which Legal Helpers will cease and desist in offering debt negotiation service in Connectictu and will refund $225,000 in fees; (v) Eric Eyre, *Morrisey files suit against debt settlement firm*, The Charleston Gazette, Jan. 2, 2014 (Attorney general in Indiana, Illinois, Rhode Island and Oregon previously filed suits against Legal Helpers); (vi) Isgett v. Legal Helpers Debt Resolution LLC, et al., Case No. 13-cv-00627 (RBH) (D.S.C. March 8, 2013); (vii) Guidotti v. Legal Helpers Debt Resolution, L.L.C., et al., Case No. 11-01219 (JBS-KMW) (D.N.J. March 4, 2011); (viii) Baxter v. Legal Helpers Debt Resolution, LLC, et al., Case No. 11-cv-01050 (KHV-JPO) (D.K.S. Feb. 18, 2011); (ix) Harrison v. Legal Helpers Debt Resolution, LLC, et al., Case No. 12-cv-02145 (ADM-TNL) (D.M.N. Aug. 30, 2012); and (x) Stewart v. Legal Helpers Debt Resolution, LLC, et al., Case No. 11-cv-00026 (MR-DLH) (W.D.N.C. Jul. 11, 2011).

      1.      Contingency fees receivable and

      2.      Office furniture and equipment, desktop computers and peripheral equipment.

20.     The Assignee has generally refused to provide any information regarding the identity of the Alleged Debtors' creditors. However, in a letter from the Assignee's counsel to one of the Petitioning Creditors, counsel explained the Assignee's position with respect to a certain alleged secured debt of the Alleged Debtors as follows:

> Other than CIT Finance which has a lien on a copy machine, the only secured creditor shown [on the UCC search] is Tom's LLC. The Assignee/Trustee has reviewed the notes [November 28, 2012 for $375,000 and February 7, 2013 for $250,000] and security agreements of the same dates and has verified that funds in the amount of the notes were advanced into the Companies' account when the notes were made. As such, the secured debt appears valid.

21.     What the Assignee's counsel failed to say is remarkable. After a brief investigation by the Petitioning Creditors, it appears that "Tom's LLC," an entity that the Petitioning Creditors are unable to verify even exists, lists an address on its financing statements of 100 S. Pointe Drive, Apt. 2801, Miami Beach, Florida 33139. A review of the deed record for that property reveals that it is owned by Thomas Macey, the managing partner/member of the Alleged Debtors, and was purchased by him in or around December 2011 for $1.75 million. The Petitioning Creditors believe that an insider alleged secured claim warrants far more scrutiny than the Assignee appears willing to give.

22.     The Petitioning Creditors also understand that Clients that fully paid the Alleged Debtors for representation in their bankruptcy cases have appeared at meetings of creditors unrepresented by counsel. Moreover, certain of the attorneys designated to take over various Clients' files have been unable to obtain the identity and contact information for the Clients, information regarding how much those Clients had paid to the Alleged Debtors, or the legal work

already performed. In addition, the Alleged Debtors' computer server that contains Clients' confidential information, e-mails, and other essential books and records, does not appear to have been turned over to the Assignee and is believed to be in the possession of Blust.

23. It is clear that the Alleged Debtors' liquidation must be done by an independent bankruptcy trustee in a transparent proceeding under the sound supervision of this Court. The Alleged Debtors' Clients and creditors deserve more and have absolutely no protection in connection with the Assignments. To date, Clients and creditors have absolutely no assurances that the Assignee is going to do the investigation that is warranted here, or pursue any claims against insiders if discovered.

## **RELIEF REQUESTED**

24. Section 303 of the Bankruptcy Code authorizes the commencement of an involuntary case against a corporation by "three or more entities, each of which is either a holder of a claim against [the alleged debtor] that is not contingent as to liability or the subject of a bona fide dispute as to liability or amount, . . . if such noncontingent, undisputed claims aggregate at least $15,325. . . ."

25. Macey is a corporation for purposes of section 303 as that term is defined under section 101(9)(A)(i) and J&M Bankruptcy is a corporation as that term is defined under section 101(9)(A)(ii).

26. Each of the Petitioning Creditors has a noncontingent, undisputed claim and the Petitioning Creditors' claims aggregate more than $15,325. Notwithstanding the foregoing, two of the six Petitioning Creditors, the Law Offices Andrew Magdy, LLC[8], the Law Offices of

---

[8] The Law Offices of Andrew Magdy, LLC ("Magdy") entered into an agreement J&M Bankruptcy, dated on or around August 21, 2013, pursuant to which Magdy was to take over J&M's offices and consumer bankruptcy practice in St. Louis, Missouri and surrounding geographic area (the "Magdy Agreement"). The basic terms of the Magdy Agreement provided that Magdy would honor all retention agreements between J&M Bankruptcy Clients in Magdy's geographic area and any prepaid legal fees paid to J&M Bankruptcy by the Clients ("Client Retainers"),

8

Steven Long, LLC[9], have claims that arise out of contracts between them and the Alleged Debtors pursuant to which their respective law firms were to take over the Alleged Debtors' practices in certain locations and to honor any fees paid by certain Clients to the Alleged Debtors. Those two Petitioning Creditors are unable to fully liquidate their entire claims because they do not yet have information regarding the Clients from the Alleged Debtors. Regardless, at least some portions of Magdy's and Long's claims are liquidated and noncontingent, and in any event, there are four additional Petitioning Creditors whose claims are entirely liquidated, noncontingent and not subject to any bona fide dispute.

27.     The Alleged Debtors are not paying their debts as they come due, including the debts due to the Petitioning Creditors.

28.     Within 120 days before the Petition Date, the Assignee was appointed by the Alleged Debtors and took possession of substantially all of the assets of the Alleged Debtors.

29.     For all the foregoing reasons, the Petitioning Creditors respectfully submit that there is ample cause for the entry of orders for relief against the Alleged Debtors under chapter 7

---

and prepaid expenses paid by the Clients ("Prepaid Expenses"). In exchange, J&M Bankruptcy was obligated to advise the Clients of the change and provide Magdy with the identity of the Clients and all legal work performed to date (the "J&M Obligations"). Due to J&M Bankruptcy's liquidation four months after entering into the Magdy Agreement, the J&M Obligations were never fulfilled. At the same time, Magdy has been and continues to perform under the Magdy Agreement and to honor all Client Retainers and Prepaid Expenses. Magdy estimates that his total costs related to honoring Client Retainers and Prepaid Expenses is approximately $365,000, although part of that claim is unliquidated. Thus far, Magdy has determined that 249 J&M Bankruptcy Clients paid $219,502 in Client Retainers and $48,424 in Client Expenses that have been or will have to be honored by Magdy. Magdy is in the process of reviewing another approximately eighty (80) files, in order to determine what Client Retainers and Prepaid Expenses were already paid to J&M Bankruptcy by those clients. Magdy believes in good faith that the remaining Clients will have another approximately $90,000 in Client Retainers and Prepaid Expenses. Thus far, Magdy has filed in excess of 75 bankruptcy petitions of assumed J&M Bankruptcy clients of which those Clients had paid $70,307.85 in Client Retainers and Prepaid Expenses, all of which were honored by Magdy. At the same time, Magdy has lost business opportunities and incurred significant costs due to J&M Bankruptcy's failure to provide him with the electronic files and Client identities as required. Magdy estimates in good faith that he has been damaged in excess of $50,000 as a result of J&M Bankruptcy failure to perform the J&M Obligations.

[9]    The Law Offices of Steven Long, LLC ("Long") entered into an agreement J&M Bankruptcy substantially similar to Magdy's, but covering Kansas City and the surrounding geographic area (the "Long Agreement"). Long has been and continues to perform under the Long Agreement and to honor all Client Retainers and Prepaid Expenses. Long has lost business opportunities and incurred significant costs due to J&M Bankruptcy's failure to timely provide him with the electronic files and Client identities as required. Long estimates in good faith that he has been damaged in excess of $50,000 as a result of J&M Bankruptcy failure to perform the J&M Obligations.

of the Bankruptcy Code.

## NOTICE

30. The Petitioning Creditors will serve the Alleged Debtors, the Assignee, the Assignee's counsel, J&M, Thomas Macey, and Jeffrey Aleman, with the involuntary petitions, this Court's summons and this statement. Further, the Petitioning Creditors will provide all documents filed in this case to the Office of the United States Trustee, and have already alerted the United States Trustee to the filing and the consumer issues that exist.

31. Based upon the foregoing, the Petitioning Creditors submit that notice of the summonses, involuntary petitions and requests for Orders for Relief are sufficient, and that no additional or further notice should be required.

## NO PRIOR RELIEF

32. Except as otherwise stated herein, no previous application for the relief sought herein has been made to this or any other court.

**WHEREFORE**, the Petitioning Creditors respectfully request that this Court enter orders for relief under chapter 7 of the Bankruptcy Code against each of the Alleged Debtors, and that it grant such other and further relief as the Court determines to be just and proper.

Dated:   New York, New York
         March 14, 2014

                                      **KLESTADT & WINTERS, LLP**

                          By:   */s/ Fred Stevens*
                              Fred Stevens
                              570 Seventh Ave., 17th Floor
                              New York, New York 10018
                              Tel: (212) 972-3000
                              Fax: (212) 972-2245
                              Email: fstevens@klestadt.com

                              *Counsel to the Petitioning Creditors*