UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
In re:

JACOBY & MEYERS -- BANKRUPTCY LLP, et al,

Chapter 7
Case No. 14-10641 (SCC)
(Jointly Administered)

Debtors.
-------------------------------------------------------------------X

**STIPULATION BETWEEN CHAPTER 7 TRUSTEE AND PETER F. GERACI RESOLVING CLAIMS CONCERNING OWNERSHIP OF CERTAIN COMPUTER HARDWARE AND SOFTWARE**

This stipulation (the "**Stipulation**") is made by and between Peter F. Geraci ("**Geraci**") and Jil Mazer-Marino, the chapter 7 trustee (the "**Trustee**" and together with Geraci, the "**Parties**") for Jacoby & Meyers – Bankruptcy, LLP ("**J&M**") and Macey Bankruptcy Law, P.C., a/k/a Macey & Aleman, f/k/a Legal Helpers, P.C. ("**Macey**" and together with "J&M", the "**Debtors**").

WHEREAS, on March 14, 2014, an Involuntary Petition for Relief was filed against each of the Debtors;

WHEREAS, on June 16, 2014, orders for relief were entered against each of the Debtors and the Trustee was appointed the interim chapter 7 trustee of the Debtors' estates pursuant to Bankruptcy Code section 701(a);

WHEREAS, on July 8, 2014, orders were entered providing for the Debtors' cases to be jointly administered for procedural purposes;

WHEREAS, the Trustee qualified as permanent trustee of the Debtors' estates after a Bankruptcy Code section 341 meeting duly convened on September 8, 2014;

WHEREAS, the Trustee believes that certain of the Debtors' books and records are stored electronically on a server (the "**Server**") and runs on a software platform referred to as LH-1;

WHEREAS, in or about August, 2010, an action was commenced against Legal Helpers, P.C. (now known as Macey Bankruptcy Law, P.C.) and others, in the Circuit Court for the Eighteenth Judicial Circuit in DuPage County, Illinois by Geraci captioned *Peter F. Geraci v. R. William Amidon, Joseph P. Doyle, an individual d/b/a dupagebankruptcylawyer.com; Legal Helpers, P.C., an Illinois professional corporation d/b/a Macey & Aleman, PC; Thomas Macey; Jeffrey Aleman; Richard Gustafson; and, Shobhana Kasturi*, Case No. 2010 CH 4854 (the "**Geraci Action**");

WHEREAS, in the Geraci Action, Geraci alleges, among other things, that William Amidon, one of Geraci's former employees illegally exploited a trade secret by copying and sharing bankruptcy law practice management software known as Geraci Automated Program ("**GAPC**") when he created LH-1 for use by the Debtors;

WHEREAS, Geraci "nonsuited' the Geraci Action and commenced an action in the United States District Court for the Northern District of Illinois Eastern Division, Captioned *Peter F. Geraci v. Thomas G. Macey and R. William Amidon*, which action also alleges, among other things, that Amidon exploited a trade secret by copying and sharing the GAPC when he created LH-1 for use by the Debtors;

WHEREAS, on or about September 9, 2014, the Debtors informed the Trustee that the Server is in the possession of Fabulous Fiber, LLC, 8 Dearborn Square, Kankakee, Illinois;

WHEREAS, upon information and belief, data concerning the Debtors' business, operations, former clients and finances (the "**Debtor Data**"), a copy of the LH-1 software and an executable copy of GAPC is stored on the Server;

WHEREAS, Geraci desires to purchase all of the estate's right, title and interest in and to the LH-1;

WHEREAS, Geraci desires to obtain possession, custody and control of the GAPC;

WHEREAS, the Trustee requires the ability to use the LH-1 software to access the Debtor Data;

WHEREAS, the Trustee believes that in light of the dispute concerning the ownership of LH-1, the Trustee will be unable to market the LH-1 successfully to any person or entity, except Geraci; and

WHEREAS, as set forth more fully below, Geraci has agreed to license the LH-1 software to the estate, on the terms and conditions set forth below, so that the Trustee may access and use the Debtor Data;

NOW, THEREFORE, for good and valuable consideration, it is hereby stipulated, consented to and agreed by and between the Parties as follows:

1. This Stipulation is subject to approval by the Bankruptcy Court and shall not become effective unless and until the Bankruptcy Court "so orders" this Stipulation, or enters an order approving the Stipulation, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "**Approval Order**"). The date upon which the Bankruptcy Court enters this "so-ordered" Stipulation or the Approval Order on the docket of this proceeding shall be known as the "**Effective Date**."

2. Trustee agrees to sell to Geraci and Geraci agrees to purchase from Trustee all of the estate's right, title and interest in and to the LH-1 for the sum of $5,000.00 (the "**Purchase Price**") to be paid by Geraci as follow: (a) upon execution of this Stipulation, a deposit in the sum of $2,500.00 (hereinafter referred to as the "Deposit"), to be held by Trustee's counsel in a separate non-interest bearing account; and (b) at Closing (defined below), the balance of the Purchase Price, by immediately available funds. Within three (3) business days after the Purchase Price clears the Trustee's bank account, the Trustee shall deliver to Geraci a Trustee's Bill of Sale for the LH-1.

3. The Trustee's sale of the LH-1 to Geraci is made "as is," with all faults and risks, if any, and without representations, covenants, guarantees or warranties of any kind or nature whatsoever.

4. The Closing shall be held at the office of the Trustee's attorney or at such other place as Trustee may designate, and at a time and date (hereinafter referred to as the "Closing Date") designated by Trustee which shall be held upon three (3) business days' notice after the Effective Date.

5. If the Trustee does not obtain an Approval Order or if this Stipulation is not "so ordered" within one hundred and twenty (120) days after execution and delivery of this Stipulation by the Parties, this Stipulation shall be null and void and of no further force or effect (provided the Parties can agree otherwise) and the Trustee shall promptly return the Deposit to Geraci.

6. If Seller shall, for any reason other than willful default, be unable to transfer the LH-1 in accordance with this Stipulation, the sole obligation and liability of the Trustee shall be to refund the Deposit to Geraci, and upon the making of such refund, this Stipulation shall be

deemed cancelled and of no further force or effect and neither party shall have any further rights against, or obligation or liabilities to, the other by reason of this Stipulation.  The Trustee, in the exercise of her fiduciary duties to the Debtors' estates, may determine not to sell LH-1 to Purchaser.  Such event shall not be deemed a willful default.

7.      Geraci shall, and hereby does, grant the Trustee an irrevocable, royalty free license entitling the Trustee and her agents to copy and use the LH-1 from the date hereof through and including December 31, 2024; provided however, such license does not permit the Trustee or her agents to sell, lease, license or sublicense the LH-1 or otherwise use the LH-1 in commerce.

8.      Geraci represents and warrants that the LH-1 operates independently from GAPC and the Trustee does not require use of the GAPC software for the Trustee to achieve full functionality of the LH-1.

9.      The Trustee shall use commercially reasonably efforts to ensure that the copies of the GAPC and the LH-1 stored on the Server are disseminated solely to the Trustee's agents and solely for use in connection with the Trustee's investigatory and other duties in these chapter 7 cases; provided, however, that (a) to the Trustee may generate reports, compilations, analysis or otherwise generate documents (collectively "**Exhibits**") that may utilize the GAPC or LH-1 and the Trustee is under no obligation to keep such Exhibits confidential; (b) to the extent, if any, the Trustee breaches the obligations set forth in this paragraph 8, the Trustee shall only be liable for gross negligence or willful misconduct by the Trustee and solely to the extent of actual pecuniary loss suffered by Geraci; (c) in the event the Trustee receives a request to disclose all or any part of the LH-1 or GAPC or to turn over the Server under the terms of a subpoena or order issued by a court of competent jurisdiction or by a governmental body, or otherwise, the Trustee shall give

reasonable notice to Geraci of the existence, terms and circumstances surrounding such request but the Trustee shall have no obligation to oppose such request and may comply with such request.

10. At such time as the Trustee no longer requires the LH-1, GAPC, or the Server, the Trustee shall provide Geraci with ten business days' notice of the Trustee's intent to abandon the LH-1, GAPC, or the Server (a Notice of Hearing on the Trustee's Final Report may constitute such notice) and, at such time, Geraci may take any steps as he deems necessary and appropriate to retrieve any and all copies of the LH-1 and GAPC and the Server from the Trustee. The Trustee shall cooperate with Geraci provided such cooperation is at no cost or expense to the Debtors' estate, the Trustee or her agents.

11. Geraci has advised the Trustee that the LH-1 and GAPC are subject to litigation. The Trustee makes no representation regarding the effect, if any, of this Stipulation on such litigation or the relative rights of the parties to that litigation.

12. The Trustee has advised Geraci that she has no knowledge of whether the Debtors made copies of or disseminated, or allowed others to make copies of or disseminate, the LH-1 or GAPC and the Trustee disclaims any obligation whatsoever respecting copies of the LH-1 or GAPC that are not on the Server.

13. Geraci shall cooperate with the Trustee and provide the Trustee with any such manuals or oral or written instructions as are reasonably necessary to enable the Trustee to utilize the LH-1 or GAPC to access the Debtor Data and to prepare reports, summaries, or compilations.

14. The Trustee shall be and hereby is entitled to possession of the Server. The Trustee and Geraci shall confer in good faith to select an appropriate vendor to arrange for of all versions of the GAPC and LH-1 stored on the Server to be copied to an appropriate external

storage device and delivered to Geraci. All costs associated with copying the GAPC and LH-1 (including the cost of the storage device) shall be born equally between the parties.

15. The Trustee, in her sole discretion, may take action to obtain possession, custody and control of the Server from Fabulous Fiber, LLC or such other person or entity that is in possession of the Server or other server, computer, or storage device on which the LH-1 and the Debtor Data and records are stored, including making a motion before this Court for turnover pursuant to Bankruptcy Code section 542.

16. The Parties acknowledge that they have consulted with counsel and with such attorneys and advisors as they have deemed necessary in connection with the negotiation, execution and delivery of this Stipulation.

17. The Parties agree to execute such other and further documents and instruments as may reasonably be requested to implement the provisions of this Stipulation.

18. This Stipulation shall be binding upon and inure to the benefit of and be enforceable by the Parties and their respective successors and assigns.

19. This Stipulation and the other documents being delivered herewith constitute the entire agreement and understanding between the Parties relating to the subject matter hereof and supersede all prior proposals, negotiations, agreements, and understandings relating to such subject matter.

20. This Stipulation may be executed in any number of counterparts each of which, when so executed, shall be deemed an original, but all such counterparts shall constitute one and the same agreement. Electronic or telecopier transmission of signature shall constitute originals.

21. No amendment, modification, rescission, waiver, or release of any provision of this Stipulation shall be effective unless the same shall be in writing and signed by the applicable Parties hereto.

22. It is expressly understood that although this Stipulation represents a binding resolution of certain disputes, it does not constitute a concession by any party as to the merits of any other party's position on any dispute except as may be specifically provided herein.

23. This Stipulation is, and shall be deemed to be, entered into under and pursuant to the laws of the State of New York and shall in all respects be governed, construed, applied, and enforced in accordance with the laws of the State of New York without regard to principles of conflicts of law, except where federal bankruptcy law provides the rule of decision.

24. The Parties hereby submit to personal jurisdiction and venue in the United States Bankruptcy Court, Southern District of New York for any action or proceeding arising out of this Stipulation and agree and consent that such is the proper venue for any such action or proceeding and further consent to entry of a final order by the Bankruptcy Court in the event of a dispute arising out of this Stipulation.

[SIGNATURES FOLLOW]

**IN WITNESS WHEREOF** and in agreement herewith, the Parties have executed and delivered this Stipulation as of this 16th day of October, 2014.

*/s/ Jil Mazer-Marino*
Jil Mazer-Marino, not individually, but solely as Chapter 7 Trustee for Jacoby & Meyers – Bankruptcy LLP and Macey Bankruptcy Law, PC
MEYER, SUOZZI, ENGLISH & KLEIN, P.C.
990 Stewart Avenue, Suite 300
P.O. Box 9194
Garden City, New York 11530-9194
Telephone: (516) 741-6565
jmazermarino@msek.com


*/s/ Peter F. Geraci*
Peter F. Geraci
GERACI LAW LLC
55 E. Monroe St. #3400
Chicago, Illinois 60603
Telephone: (312) 739-2169
pgeraci@geracilaw.com


SO ORDERED this 20th day
of November, 2014



**/S/ Shelley C. Chapman**
**HON. SHELLEY C. CHAPMAN**
**UNITED STATES BANKRUPTCY COURT**